[No. 6215.]

KAYLOR V. THE PEOPLE EX REL. TOWN OF AKRON.

1.  **Municipal Corporations—Ordinances—Adoption—**Only one reading of an ordinance by the town board is required. If, upon such reading, it receives the required number of votes, it is adopted, though the records show also that it was postponed for a third reading.—(13)

2.  **New Trial—Judgment Not Supported by Evidence—**A conviction under a municipal ordinance will be vacated where there is no evidence that the act complained of was committed within the statutory limits.—(13)

*Appeal from Washington County Court*—Hon. C. W. BALLARD, Judge.

Messrs. ALLEN & WEBSTER, for appellant.

No appearance for appellee.

*Per Curiam,* Department No. 2:

The defendant has appealed from a judgment of conviction on a charge of violating an ordinance of the town of Akron, Washington county. There appears to have been a variance between the allegations of the complaint, and the proof. The town alleged a violation of an ordinance passed May 14, 1906. It was shown *prima facie* that the ordinance was passed May 14th. The records of May 14th show that the ordinance did not receive the requisite number of votes. In rebuttal, the records of May 10th were

produced, showing that the ordinance was passed on first reading on May 10th, and postponed for third reading. As the law does not require more than one reading of town ordinances, the ordinance was passed when it received the requisite number of votes on the first reading, and we cannot consider whether such was or was not the intention of the trustees. No other reading being required, all other proceedings shown by the records must be regarded as surplusage. If proper objections had been made which would have afforded the city, if sustained, an opportunity to amend its complaint, we might have sustained the position of counsel for defendant, that there was a fatal variance between the allegations and the proof; but we shall base our judgment upon the other objection, that there was no proof of a violation of the ordinance.

The town attorney has filed no brief in support of the judgment, but we have carefully examined the transcript of the record, and find that there is no testimony showing, or even tending to show, that liquor was sold in the town of Akron, or within the limits prescribed by the statute. The judgment must, therefore, be reversed.                    *Reversed.*